Appeal 3236, 2008. Mr. Edmonds, the podium is yours. Thank you, Your Honor. Am I correct that you are representing Ms. Reilly on a pro bono basis? Yes, you're correct, Your Honor. Thank you very much for doing so. Please proceed. Your Honor, the board in this case committed precisely the same kind of errors that this court identified as being wrong in Van Aken Rocks. This is one of the rare cases where the board simply does not consider the record or employs erroneous legal rules in discounting parts of the record that makes this a reversible case, brings this within the court's jurisdiction, and makes this case reversible under this court's decision. Based on what you mean by discounting, if the board simply gave little weight to the post-resignation evidence, that wouldn't be a legal error, I wouldn't think. If, on the other hand, the board was of the view that the law forbade them to give any weight to any evidence merely because it was generated after the resignation date, then that might be a reversible legal error. I agree with you, Your Honor. How do we tell which category this case falls in? Your Honor, I think you have to look at the board's opinion itself. Of course. What do you look at that tells you unmistakably that they felt the law required them to close their eyes altogether to all of the medical and lay evidence that arose after March of 2006? Let me start with the lay evidence, Your Honor. And this is not just the lay evidence that arose after March 15, 2006. It's all of the lay evidence in the case. But most specifically and most importantly, Ms. Riley's own testimony, in which she gives detailed recitation of exactly what her problems were that were caused by her asthma and exactly how they interfered with her performance at work. Yeah, but the court didn't dismiss that evidence. It said that it could be considered, but that the failure to support it with medical evidence as required by the regulation meant that it wasn't sufficient in and of itself, which is, it seems to me, quite a different thing from saying that lay evidence couldn't be relevant. Your Honor, what the board stated is that that evidence, the lay evidence, and Ms. Riley's evidence, would be entitled to wait if supported by medical evidence. And it goes on to say that there is… So what's wrong with that standard? That seems to be correct, right? That's not correct, Your Honor. Why not? The rule is that the board's rule has long been that you have to consider each type of evidence, lay or medical, and you have to consider, and it doesn't matter, as the board says in its early decision in Chavez, what type it is or how much of any particular type you have. If one type of evidence is enough, you have to consider it, and it can be the basis for a decision. I thought under the regulation lay evidence alone wasn't enough, that you had to have medical evidence. Isn't that correct? I should clarify that, Your Honor. There is a requirement of medical documentation. And with an application, you have to provide certain things. You have to provide your own statement, the applicant's statement. You have to provide a supervisor's statement, and you have to provide a physician's statement. And the physician's statement is there to provide medical documentation, but it doesn't mean… And you are required to produce a minimum of medical documentation. As the board said in its early decision in Chavez, you are required to show some basis based on medical evidence, documentation, that you have a disease. And in this case, there is plenty of medical documentation to show that Ms. Riley had asthma. But once you turn to identifying whether this is disabling, apart from that requirement of medical documentation, which is part of the application, there is no additional requirement that everything an applicant says be supported by medical evidence. Do you have to have medical evidence that the condition is disabling? Under Chavez, no, Your Honor. No. In Chavez, the statement is, it doesn't matter what type, anything alone will be enough. And this court followed that standard. It quoted some of the language in Chavez and announced that standard in Van Aken Riles. And the court actually said in that decision, it quoted the part that says that subjective evidence, which is essentially lay evidence of the applicant's own statements, as the court says, may be entitled to great weight, especially if that evidence is uncontradicted by the record. Now, the board's decisions on this, before this case, as the government itself notes on page 26 of its brief, the board has applied cases that say that the petitioner or the applicant's evidence is entitled to weight, particularly if it's supported by medical evidence. Not that it must be, but particularly if it is. Let me interrupt you, because I think I'm getting totally lost. I thought your main point was that the board wrongly refused to look at any evidence generated after the resignation date in March of 2006. Then later, you seem to be arguing as a separate, independent, but sufficient ground, that the lay evidence, both before and after the resignation date, was wrongly discounted by the board. That's correct, Your Honor. So you're arguing two completely separate things, each of which you consider a fatal error. Three things, actually, Your Honor, each of which we consider a fatal error. There are the two legal rules, and then there's the fact that there are certain statements in the opinion that are contradicted by the record. Don't confuse me further. I need to get unconfused first. Now, on error number two, dealing with the lay evidence, you seem to be making the argument that they had to consider it. I understood their opinion to have considered it, and Judge Dyke's question seems to suggest that he also thought they considered it, but they didn't give it very much weight because it wasn't, in their view, adequately corroborated. So I don't understand what the problem is, because if we're only looking at whether they gave it appropriate weight as opposed to no weight, that's outside of our jurisdiction in a case like this because of Lindahl. And I would agree, Your Honor, that that is exactly correct, and that is true even under Van Danken-Riles. But the statement that the Board gave, that there is little supportive, competent medical evidence, is simply not enough to explain the basis of its decision under Van Danken-Riles. Van Danken says that the Board, even if this Court considers the lay evidence, we'll call it the lay evidence rule that the Board applied, to have been a finding based on what the evidence says, that finding is not specific enough to suffice under this Court's decision in Van Danken. In Van Danken, the Court said that it must be careful, it must guard against miscarriages of justice, by not accepting decisions that invoke, quote-unquote, the trappings of factual analysis, but that actually show that no weight was given, and no weight whatsoever was given to this evidence. But that's the issue. Did the Board give no weight to the lay testimony, or did it just give it lighter weight than you think it was entitled to? If it's only the latter, there's no error that's within our jurisdiction to reverse. I agree. If this Court interprets the Board as having considered this evidence, then this particular error is not. How can the Board be of the sentence of saying anything other than they considered it, but in light of the lack of corroboration, found it insufficient? Well, the Board, I mean, referring to the specific sentence on the appendix at page 11, the Board says an employee's own evidence concerning her medical condition is entitled to weigh in a disability retirement case when it is supported by competent medical evidence. In this case, there is little supportive competent medical evidence indicating that she was disabled. That statement, first, that statement, it seems to me, implies a legal ruling. The Board is saying that it only gets, the Board is omitting what it's had in its prior decision, which is the word particularly when it is, or particularly if it is supported by competent evidence. That's the same type of sentence that appears in Chavez, the Board's decision that discusses this, the requirements of evidence in these cases in detail. And in Van Aken-Rajas, the quotes from Chavez. Well, I don't find the other cases very helpful. What I need to understand is what the Board did in this case. Right. You're reading it as having done certain things. It's not very clear that that's what it did. Now, one has to do with the treatment of lay evidence. The other has to do with the treatment of medical evidence post-dating March of 06. Right. Let me just stick with the lay evidence for a second, Your Honor. The sentence that I read to the Court, that sentence itself seems to show to us that there is no weight whatsoever being given to this evidence only because it is not supported by medical evidence. And I want to note for the Court that one of the sentences from the Board's opinion that this Court found problematic in Van Aken-Rajas sounds a lot similar to this. In Van Aken-Rajas, this Court discussed and actually quoted in its opinion, I think at page 1040, that the Board had found that little objective medical evidence existed in that case. In this case, the Board said virtually the same thing. There is little supportive, competent medical evidence. That does not amount, that statement by itself is the trappings of factual analysis under Van Aken-Rajas. It is the failure to give evidence its proper way that is significant under Van Aken-Rajas. Let me turn to the other rule that we argue that the Board committed. That rule was a rule that requires that post-resignation evidence, including medical and presumably other evidence, must address the applicant's condition at the time of her resignation. Now, that sentence, that rule that the Board applied, that the evidence must address her condition, is wrong under this Court's decision under Meyer. In Meyer, the Court explicitly reverses the Board. Where is the sentence you are relying on? The sentence I am relying on, Your Honor, is the sentence in paragraph 8 of the Board's opinion, page 10 of the appendix, the final sentence. Because all of this evidence postdates the appellant's resignation and does not address her condition at the time of resignation, to the extent that the AHA relied on it to determine that the appellant was disabled, this was error. Error. As in this is a legal ruling that this evidence needs to be excluded. And in fact— Or is it suggesting it needed to be excluded or was it suggesting as a matter of law that this evidence cannot establish the proposition that you need to establish, which is that she was disabled at the time of her resignation? As a matter of law, it would be error to conclude that evidence that showed only that she became disabled sometime later, as a matter of law, cannot establish that. Well, Your Honor, if it's true, if this is true, if it is saying that as a matter of law, it is, in fact, wrong under Meyer. In Meyer— And Meyer is a non-presidential opinion, right? It is a non-presidential opinion. Well, so we're not bound by that. The Court is not bound by it, but it is persuasive. And it is, in fact, similar to the decision in Van Aken Riles. And in that decision, the Court looks at a piece of evidence that was generated and referred to the applicant's condition within a year after her separation from the government. And what the Court says there is that this evidence refers back at least as far as within the year after her separation, and therefore it should—and is so significant that the Board should consider it. And that is—I mean, that holding by itself undermines the Board's rule here. All of the evidence that we've cited, too, is, in fact, evidence that addresses her condition— Why, as a matter of law, why should evidence—tell me why— evidence that is created after she resigns, that speaks only to her medical condition after she resigns, why should that evidence be used and be sufficient to establish that back when she resigned, she, in fact, was disabled? Well, two things, Your Honor. First, it doesn't have to be sufficient. It has to be considered along with all the other evidence. So if it's not— But you're interpreting this as this means he was not allowed to consider it, but what if I were interpreting this sentence as this means he was not—this was not allowed to form the basis of his decision? Because there isn't any other evidence, right? This is it. I understand, Your Honor. If the Court were to read it that way, again, that statement is inconsistent with Van Aken-Riles. A one-sentence statement that this doesn't address her condition at the time of her resignation is simply not an appropriate way under Van Aken to deal with that. Let's hear from the government. You've had all your time and then some. We'll give you some of your time back. Thank you, Your Honor. Mr. Dierberg. May it please the Court. Ms. Riley misinterprets this Court's jurisdiction and also misinterprets the Board's decision. Can we start with Paragraph 8, the issue that I was just discussing with Appellant's Counsel? Would you mind? Yes. Okay. When she says, because all—or when the Board says, because all this evidence postdates the Appellant's resignation, comma, and does not address her condition at the time of her resignation, comma, to the extent that the A.J. relied on it to determine that the Appellant was disabled, this was an error. How do you suggest I interpret that sentence? Your Honor, that is just the Board analyzing the facts in the particular circumstance in this case and finding that this evidence is not persuasive or not that persuasive relative to the other evidence. Well, they said the same thing in Lucey later on, right? I'm sorry. They said the same thing later on in Lucey. They did not—if you're asking whether or not they found a categorical rule in the answer— They say the same rule in Lucey. I mean, you know, it sounds to me in reading this case and in reading Lucey, they've got a rule that says that post-retirement evidence isn't relevant unless it addresses the situation before retirement. Your Honor, I don't think that's correct. I think that in Lucey and in this case—and by the way, this is the case under review— but even under Lucey, the citation to this case was not for the proposition that there is this categorical rule. Okay, but suppose we disagree with you. Suppose we say, okay, we've read this case, we read Lucey, we do read the Board as adopting a categorical rule. Can you defend that rule? In the—this is the difficulty. In the circumstances of this case, it could be defended to the extent that there is a categorical rule meaning under any circumstances whatsoever in a way that becomes dicta. Well, so in other words, you can't defend it as a broad proposition. No, I cannot defend a broad proposition that under any circumstances whatsoever, there is no way anyone can prevail unless you have medical evidence that either predates separation or postdates it and refers back to the period of time— Okay, so if we conclude that, one, that the Board did adopt a rule, and two, that it adopted the broad rule that you can't defend, why shouldn't we send it back to the Board to re-adjudicate it under the correct rule? I think, Your Honor, that would be the correct result if the Court were to find this categorical rule. But I do want to emphasize, though, in speaking of these legal rules, that Vannikin-Riles is a very narrow decision and is not at all like the circumstances in this case. In Vannikin-Riles, what you had is the only evidence, the only medical evidence in that case was subjective evidence by a psychologist and a psychiatrist, and that evidence from the psychologist and the psychiatrist was in turn based on statements by the individual. There was no contrary medical evidence, nothing saying that the person was not disabled by a physician or a psychologist. In that case, this Court found that there was this categorical rule, but it noted that it may be a different circumstance if, for example, in Trevon, this Court's earlier decision, where there is this conflict between the evidence, under those circumstances it's much more difficult to find this sort of categorical rule that fits within the narrow confines of this Court's jurisdiction, where it's something going to the heart of the administrative process and the administrative decision. And there's nothing here like Vannikin-Riles. It's not a subjective versus objective situation. Here we had plenty of pre-resignation evidence, and that pre-resignation evidence did not indicate that the person, that Ms. Riley, was disabled. It indicated that she had some various ailments at various times, including right up until the time of her resignation, various things like an upper respiratory infection. She had some problems with her colon right before she resigned. But all of these exams reflected that her preliminary exams were within normal limits. So this is not the kind of situation where you have some language and an opinion that can be read in a way that suggests a categorical rule. Here, this language we've been discussing about age-abled, to the extent that the age-abled lied upon it to determine that the appellant was disabled. This was error. This is just the Board applying the law to the facts of the circumstances, not stating that under any circumstances whatsoever. What do you think the phrase, this was error, means? Your Honor, that is something that... That doesn't sound like fact-finding. That sounds like legal conclusions. This was a legal error. Your Honor, that's not correct, because this court... It's not incorrect because you say it's incorrect. I'm getting to the reason why it's not correct. This court said, just to provide an example, in Clear Value, Inc., the Pearl River Polymers, 560 Fed Third, 1291, 1304, we find no error in the district court's fact-finding. The court will also note that in a variety of cases in which appellate courts review district court determinations, those are reviewed for clear error. So there's no magic in the word error. By using the word error, it doesn't mean that it's a legal determination. It just means that there was error. There could be error in fact-findings. There could be error in legal determinations. Here there was an error. The full Board said to the extent that the AJ relied upon this evidence, and that was the basis for its decision, to find that Ms. Riley was disabled at the time of separation, When the Board writes that reliance was error, doesn't that mean that the Board is saying that that evidence could not be considered at all? No, Your Honor. Because the words error does not mean that it's not factual. No, but the rest of the sentence, reliance. Yes, and I think what the Board is there saying is that reliance was error. Yes. What the Board is saying here, first of all, you have to take this in context. So to go earlier in the opinion, it addresses this allegation of error by OPM. OPM said that basically that the AJ did not find that the individual, Ms. Riley, was disabled at the time of separation. And part of the confusion in the case from the AJ's standpoint was that the administrative judge did not, in the analysis section, break down the evidence and just sort of refer it back to the background section. So the full board... You're totally losing me. What difference does it make whether a fact is mentioned in the background section or in the analysis section or both? What follows from placement? Well, this is the context in which the Board wrote its decision. Because what it does in the paragraph, one paragraph before the paragraph we've just been discussing, it discusses this issue about, you know, OPM's allegation of error is actually not even finding that the individual was disabled at the time of separation. And then the Board states it is not clear whether the AJ specifically relied on the statement quoted above in finding that the appellant became disabled while she was employed in her CSRS-covered position. Where does the Board say that there's something particular wrong with the post-retirement evidence here? The statements that we've been focusing on seem to be categorical. Is there some statement where they say this particular evidence wasn't reliable because of something peculiar to this case? There is... I think the answer to that is that the Board doesn't need to identify an error... In other words, they didn't say that. I think they didn't say there was any particular error with respect to each piece of evidence. No, no. That's not the question. The question is, did they say that the post-retirement evidence in this case is particularly suspect or questionable because of something unique to this case? Yes, Your Honor. The thing that's unique to this case is the other evidence in the case. Well, what did they say? There's something wrong with the post-retirement evidence that's particular to this case. Yes. Because they're arguing that they're just making a factual determination. And we keep seeing these broad statements where they dismiss the evidence because it's post-retirement evidence. Show me where they said there's something wrong with this particular post-retirement evidence that causes us to disregard it. Your Honor, I also want to clarify, too, that the issue here is not just post-retirement versus... No, no, no. Answer my question. Okay. So after that sentence we've been discussing, on page 10 and then going to page 11 of the record, the Board specifically addresses the evidence that mentions a lot of the medical evidence in the case, the January 11, 2006... Are you in paragraph 9? I just want to keep up. Yes, paragraph 9, yes. So after having discussed in paragraph 7 and 8 some of this evidence, the Board then goes into, in paragraph 9, the evidence, including the evidence at the time of separation or before separation. Separation was March 15. So, for example, in paragraph 9, reference to the January 11 statement by Dr. Keller, and then... But the January 11 statement is pre-retirement, right? Yes. Everything in 9 is pre-retirement. Well, you're not addressing my question. My question is about the post-retirement evidence. Yes. Is there any statement in the opinion that says we don't like the post-retirement evidence because in this particular case there's something wrong with this evidence? Is there something peculiar to this case about the post-retirement evidence? The answer, it seems to me, is no. They didn't say anything about that. Well, I think, Your Honor, the answer is not as narrowly defined as you're defining it. But more broadly, I mean, if you have pre-retirement evidence, and there's not a case of there's only post-retirement evidence. There is a lot of pre-retirement evidence, and the Board, in weighing the pre-retirement evidence and the post-retirement evidence, examined this evidence and found that it, on balance, the post-retirement evidence did not support... I don't think that's what happened here. In paragraph 8, they refer to all of the post-retirement evidence, and they don't analyze any single piece of it. Then in paragraph 9, they recite all the pre-retirement evidence and discuss it one by one by one. So my deduction from that is they felt they weren't allowed to analyze in a way the post-retirement evidence set forth in 8, and that's why they only discussed specifically the pre-retirement evidence, all of which is in paragraph 9. It seems to me that 2 paragraphs prove the opposite of what you're arguing. Your Honor, I think that's correct. I think also it's important to note that this is also not a situation of pre-retirement evidence versus post-retirement evidence. The evidence in this case included a statement post-resignation by Dr. Bradley, who's actually the only one in this case to have opined on whether the person's asthma, Ms. Riley's asthma, affected her ability to perform the functions of her job. He examined all of the evidence, including pre-retirement and post-retirement, and found that she was not disabled. I think it's basically the board relied upon this, so it's not a situation in which it's just pre-retirement versus post-retirement. What Ms. Riley's containing is this extra step of, well, if it's pre, the supposed categorical rule is not just exclude post-retirement evidence, it's post-retirement evidence which does not address the condition at the time of resignation. This is very different than what you were saying earlier. I just want to make sure I understand clearly. Okay, there's two possible categorical rules that could be taken away from the last sentence in page 8. The first categorical rule would be any evidence that postdates appellant's resignation cannot be considered. And I say that because of the weird placement of the commas. It almost makes it seem like either of these two, rather than both of these two, would be a sufficient reason to dispense with this evidence. That's a categorical rule which clearly you would say there's no way the A.J. was making that argument. And you wouldn't even defend that as a categorical rule that should exist. But now let's go to number 2, which is what I think really is the subject of this whole discussion. The number 2 potential way to read this is because the evidence postdates and doesn't address her condition at the time of resignation, it can't be considered. Yes. Well, I think, first of all, some of the language that's been used here, like, for example, considered, there's nothing in the sentence that says anything about not considering the evidence. It can't be relied on. Right, but in the context, I think you have to look in the context of the opinion, which is that this relying upon is... But what's... So are you saying that there's something wrong with the categorical rule? Because, quite honestly, I thought maybe you would defend this. I thought you would defend. It's okay to say we will not consider, we will not rely upon medical evidence that postdates resignation and says nothing at all about her health prior to resignation. I actually thought you might embrace that categorical rule, not reject it, which is kind of what you seem to be doing, but rather embrace it and say, A.J.'s board is perfectly competent to come up with that rule because all of this body of evidence speaks nothing at all about whether she was disabled at the time. But it seems to me you're not doing that, and so that's why I'm confused because that's where I thought you were going today, but you went a whole different route. So I'm trying to understand exactly what the government's position is. Is it that a categorical rule like this is perfectly within the province of the board because this evidence simply does not shed light on her pre-resignation condition, or is it that that's not what happened here? I think that's not what happened here. So you don't defend this? If I were to interpret this as a categorical rule, you don't defend that categorical rule? I think I wouldn't defend it, but I guess it wouldn't matter in this case. As I mentioned before, one of the difficulties of the case is that if you're... Is there a categorical rule? Well, as a general rule, I think it's a perfectly fine general rule, which this court would now have jurisdiction to review. The court cannot review, whether as in the minds of the board, whether generally speaking, you need to have competent medical evidence, whether generally speaking... What's a legal rule, right? Isn't it a legal rule what evidence can and cannot be considered for purposes of making a case? Wouldn't that be a legal rule? If there was... What this court in Mandekin-Riles said was that if there was a categorical rule which dismisses evidence and gives it zero weight merely because of its type, under all circumstances, that would be a categorical rule this court could review. In that case, it was subjective versus objective evidence and the court found it wasn't a valid legal rule. Now, as far as this idea of, you know, do you have to have post... If you only have post-resignation evidence, and this is, again, not a case here because you have pre-resignation evidence as well, but, for example, if you only had post-resignation evidence, is it possible to prevail in your claim for benefits based on post-resignation evidence that's medical evidence plus some other evidence, lay evidence that sort of ties the two together? You could think of some pretty wild examples and actually Ms. Riley includes one of these examples. So you don't think the board was saying that evidence cannot be relied upon when it post-states resignation and doesn't address the condition at the time of resignation? Under any circumstances, no. Okay. All right, rebuttal. Two minutes. Thank you, Your Honors. Let me return to Judge Moore's question about Paragraph 8 and whether this is a categorical legal rule, and if so, whether it is a correct one. I think the Court has identified all of the reasons why...   and it's not a categorical legal rule on all of the reasons why we think that this is a categorical rule. Its placement in the decision comes before the discussion of the evidence and is in fact responding to OPM's specific argument that the board shouldn't have considered a piece of 2007 evidence. Suppose the only evidence in a case that favored an applicant was post-resignation evidence that talked about a condition after resignation. Would the board be, within its province, to say, as a legal matter, this evidence is insufficient to support a disability claim? Your Honor, if, as I understand the question, there's only evidence in the record that post-dates and says nothing about her condition before, so there's nothing to tie it to, pre-resignation evidence, then the board might be correct in applying a categorical rule of that type. Is there evidence here? What evidence is there here that links the asthmatic condition that was identified in all of these various letters after her resignation back to her condition beforehand such that it would establish her disability? Because asthma is something that can flare up or get lesser. And so while there may be problems in advance of her resignation, how do we know she was really disabled? And I know that under Lindahl we don't really get to decide that, but what I'm trying to get at is what was wrong with the application of a potentially categorical rule like that in this case. Right. Well, Your Honor, first of all, if the rule is valid, assuming the rule is valid, then it doesn't suffice under Van Aken-Rise because just saying in one clause of one sentence that the evidence does not address her condition is not enough. Is the rule valid? I mean, the government seems to say that a categorical rule would be invalid. You're saying it would be valid? Not the categorical rule applied in this case. What do you mean, applied in this case? The rule applied in this case, which involved... If the rule is post-retirement evidence can't be considered unless it addresses the pre-retirement condition, is that a valid rule or not? Not in a case, Your Honor, where you have significant prior... So I guess across the board, no, Your Honor. Where you have significant pre-resignation evidence that also establishes the presence of a chronic condition and where that evidence is followed contemporaneously in time as it was in Meyer and as it was in this case, then you have a relation of the evidence. And, for example, I can give a perfect example from the board's own opinion, which is where it discusses the progress notes of Dr. Keller from February, throughout February, and then leading into March. The board notes, for example, that at the end of February, Dr. Keller noted that the asthma was moderate and had improved to some extent. But then, a month after the resignation, you see that the asthma again is severe. Now, the board seemed to attach some significance to this conclusion that the asthma had improved a little bit before the resignation. I would submit that in a case where you have a chronic condition identified as such in pre-resignation evidence, evidence closely following the resignation is relevant. And that is what the court said in Meyer. And that is also implicit in the regulation which allows an applicant to submit an application within a year after leaving government service. All right. We have your position and the government's. We thank all counsel to take the appeal under advisement. Thank you, Your Honor.